```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JEFFREY TRAUTH, ET AL.                          CIVIL ACTION

VERSUS                                          NO: 07-3101

AUDUBON INSURANCE CO., ET AL.                   SECTION: R(4)


## ORDER AND REASONS

Plaintiffs, Jeffrey Trauth and Trauth Design Management, LLC ("Trauth"), have sued FEMA seeking insurance proceeds under a Standard Flood Insurance Policy for property damage caused by Hurricane Katrina. FEMA now moves for summary judgment on the grounds that Trauth has sustained no covered losses. Plaintiffs have not responded to the motion. For the following reasons, the Court GRANTS FEMA's motion for summary judgment.

**I.   LEGAL STANDARD**

A motion for summary judgment is properly granted when there are no genuine issues as to any material fact, and the movant is

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). An issue is material if its resolution could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 249. The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## II. DISCUSSION

Plaintiffs claimed that their property at 2016 LaSalle Street was damaged by Hurricane Katrina. FEMA's adjuster inspected the property and found that no water entered the building and that there were no flood losses at the property. *See* FEMA Exs. 1, 1A. Based on the adjuster's findings, FEMA notified plaintiffs that it would not pay the claim. *See* FEMA Ex. 1. FEMA represents that after numerous opportunities, plaintiffs have never presented any evidence of flood losses at 2016 LaSalle Street. Further, plaintiffs have not responded to this motion. Absent evidence of a covered loss at the property, plaintiffs are not entitled to recover on their flood insurance claim. Accordingly, plaintiffs have failed to raise an issue of fact as to whether they suffered a covered loss at 2016 LaSalle Street, and FEMA is therefore entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS FEMA's motion.

New Orleans, Louisiana, this __7th__ day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE